**KEVIN C. ALLEN, ESQUIRE**          **ATTORNEY FOR PLAINTIFFS**
**CRYSTLE, ALLEN & BRAUGHT, LLC**
**143 NORTH DUKE STREET**
**LANCASTER, PA 17602**
**ATTORNEY I.D. NO.: 55232**
**PHONE:  717- 393-0600**
**FACSIMILE 717-396-1028**

_____

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA
## CIVIL ACTION

| | |
|---|---|
| **JUAN MARTINEZ AND** : | |
| **ELIZABETH MARTINEZ** : | |
| **ADMINISTRATORS FOR THE** : | |
| **ESTATE OF  JUAN MARTINEZ, JR** : | |
| **21 Union Street** : | |
| **Columbia, PA 17512,** : | |
| **Plaintiffs** : | |
| : | **No.:** |
| **v.** : | |
| : | |
| **LANCASTER COUNTY,** : | |
| **50 N. Duke Street** : | |
| **Lancaster, PA 17602** : | |
| : **JURY TRIAL DEMANDED** | |
| **AND** : | |
| : | |
| **VINCENT GUARINI,** : | |
| **individually and in his official capacity** : | |
| **as Warden for the Lancaster County Prison** : | |
| **625 East King Street** : | |
| **Lancaster, PA 17602** : | |
| : | |
| **AND** : | |
| : | |
| **STEVEN NAPOLITAN,** : | |
| **individually and in his official capacity** : | |
| **as Corrections Officer for the Lancaster** : | |
| **County Prison** : | |
| **625 East King Street** : | |
| **Lancaster, PA 17602** : | |
| : | |
| **AND** : | |

                                                   :

**CORRECTIONS OFFICER J. PIROZZI,** :
**individually and in his official capacity** :
**as Corrections Officer for the Lancaster** :
**County Prison** :
       **625 East King Street** :
       **Lancaster, PA 17602** :
        :

       **AND** :

        :

**CORRECTIONS OFFICER PAXTON,** :
**individually and in his official capacity** :
**as Corrections Officer for the Lancaster** :
**County Prison** :
       **625 East King Street** :
       **Lancaster, PA 17602** :
        :

       **AND** :

        :

**VICTOR KANE,** :
**individually and in his official capacity** :
**as Corrections Officer for the Lancaster** :
**County Prison** :
       **625 East King Street** :
       **Lancaster, PA 17602** :
        :

       **AND** :

        :

**PEDRO TORRES,** :
**individually and in his official capacity** :
**as Corrections Officer for the Lancaster** :
**County Prison** :
       **625 East King Street** :
       **Lancaster, PA 17602** :
        :

       **AND** :

        :

**LESLIE KUBALA, L.P.N., Medical Staff** :
**individually and in her official capacity** :
**as Nurse for the Lancaster County Prison** :
       **625 East King Street** :
       **Lancaster, Pa  17602** :
        :

       **AND** :

        :

**DARLENE HENLEY, L.P.N., Medical Staff**     :
**individually and in her official capacity**     :
**as Nurse for the Lancaster County Prison**     :
    **625 East King Street**     :
    **Lancaster, Pa  17602,**     :
    :
    **AND**     :
    :
**JOHN DOE and RICHARD ROE, unknown**     :
**corrections officers, prison and/or medical staff**     :
    **625 East King Street**     :
    **Lancaster, Pa  17602,**     :
    :
    **AND**     :
    :
**BRYAN KEYSER**     :
**individually and in his official capacity**     :
**as Police Officer for the Columbia Borough**     :
**Police Department**     :
    **341 Chestnut Street**     :
    **Columbia, PA 17512,**     :
            **Defendants.**     :

## CIVIL ACTION COMPLAINT

### INTRODUCTION

1.    This is an action for money damages against Lancaster County; Warden Vincent Guarini; Corrections Officers Steven Napolitan, J. Pirozzi, Paxton, Victor Kane, and Pedro Torres; nurses Leslie Kubala and Darlene Hehnley; and  John Doe and Richard Roe, unknown corrections officers, prison staff and/or medical staff of the County of Lancaster and Police Officer Bryan Keyser for violations of Plaintiffs' decedent's constitutional rights.

2.    Plaintiffs allege that Defendant Police Officer Bryan Keyser was deliberately indifferent to the decedent's serious medical needs and failed to obtain appropriate medical care for him at the time of decedent's arrest thereby resulting in his great physical and mental pain and

suffering and death in violation of decedent's civil rights.

3.     Plaintiffs further allege that Defendants Guarini, Napolitan, Pirozzi, Paxton, Kane, Torres, Kubala, Hehnley and other unknown officers and prison staff, John Doe and Richard Roe, were deliberately indifferent to the Decedent's serious medical needs and rather than appropriately attend to his serious medical needs, placed Plaintiffs' decedent, Juan Martinez in a prison cell in general population without treatment or proper monitoring, thereby resulting in his great physical and mental pain and suffering and death.

4.     The actions of the Defendants were without legal justification thereby violating Plaintiffs' Decedent's rights under the laws and Constitution of the United States in particular the 4th, 8th and 14th Amendments of the United States Constitution, 42 U.S.C. § 1983, 42 U.S.C. §§ 12, 131-12, 165 (1994) and the Decedent's rights under the Constitution and laws of the Commonwealth of Pennsylvania including 71 Pa.C.S. § 1690.106(a) and 37 Pa. Code, § 91.6 *et seq*.

5.     Plaintiff alleges that Lancaster County and Warden Vincent Guarini failed to provide training and supervision concerning the rights of inmates and the treatment of intoxicated and physically ill inmates by corrections officers and prison staff amounting to gross negligence, reckless disregard and deliberate indifference to the safety and lives of the inmates within the prison, particularly the Plaintiffs' Decedent, Juan Martinez, Jr. and this failure was the proximate cause of the death of the Plaintiffs' Decedent.  Further, Defendants Vincent Guarini and Lancaster County are directly liable and responsible for the acts of the County Defendants because they repeatedly and knowingly failed to enforce the laws and guidelines of Pennsylvania and the regulations of Lancaster County Prison and Lancaster County pertaining to the treatment of intoxicated and physically ill inmates thereby creating within the Lancaster County Prison

Corrections Department an atmosphere of lawlessness in which corrections officers and prison staff deny medical care in the belief that such acts will be condoned and justified by their superiors.

6.     Plaintiffs file the within Civil Action Complaint and request judgment against Defendants jointly, severally and in the alternative in a sum in excess of One Hundred Fifty Thousand Dollars ($150,000.00) plus punitive damages against individual defendants, interest, costs, attorney's fees pursuant to 42 U.S.C. § 1988 and damages for delay.

**JURISDICTION**

7.     This action is brought pursuant to 42 U.S.C. § 1983 and the 4th, 8th and 14th Amendments to the United States Constitution.  Jurisdiction is founded upon 28 U.S.C. § 1331 and 1343 and the aforementioned statutory and constitutional provisions.  Plaintiff further invokes pendant jurisdiction of this Court to consider claims arising under laws of the Commonwealth of Pennsylvania.

**PARTIES**

8.     Plaintiffs Juan Martinez and Elizabeth Martinez are husband and wife and are co-administrators of the Estate of Juan Martinez, Jr., letters of administration having been granted on August 1, 2007, by the Register of Wills of Lancaster County, Pennsylvania.

9.     Plaintiffs bring this action pursuant to Pa. Cons. Stat. § 8301 and Pa. R.C.P. 2202(a) as the personal representative of Decedent Juan Martinez, Jr. and on behalf of all those entitled by law to recover damages for the wrongful death of Decedent Juan Martinez, Jr.

10.    The names and address of persons legally entitled to recover damages for the death of Decedent and the relationship to the Decedent Juan Martinez, Jr. are as follows:

| Name | Address | Relationship to Decedent |
|------|---------|--------------------------|
| Noah Michael Martinez | 802 Harvestview N. Mt. Joy, PA 17552 | Son,    d.o.b. 08/01/2001 |
| Elijah Papo Martinez | 802 Harvestview N. Mt. Joy, PA 17552 | Son,    d.o.b. 03/06/2003 |

11.    Upon information and belief, Plaintiffs' Decedent had no spouse and no other children living.  The above named beneficiaries are the decedent's only proper and surviving heirs.

12.    Plaintiffs brings this action on behalf of the beneficiaries and on behalf of Decedent's estate pursuant to 20 Pa. Constitutional Statute § 3373 and 42 Pa. Constitutional Statute § 8302 for damages suffered by the estate as a result of Decedent's death as well as for the pain, suffering, humiliation and inconvenience which Decedent underwent prior to his death.

13.    At no time during his life did Plaintiffs' Decedent Juan Martinez, Jr.,. bring an action to recover damages for his personal injuries concerning this matter.

14.    Juan Martinez, Jr. was at all material times, an adult individual and citizen of the United States.  He last resided at 212 Union Street, Columbia, PA 17512 prior to his incarceration at Lancaster County Prison on January 6, 2007.

15.    Defendant Lancaster County is, and at all times relevant to this Complaint was, a municipal corporation organized and existing under the laws of the Commonwealth of Pennsylvania and is located at 50 North Duke Street, in the City and County of Lancaster, and at all times relevant, employed the individual Defendants Warden Vincent Guarini; Corrections Officers Steven Napolitan, J. Pirozzi, Paxton, Victor Kane, and Pedro Torres; nurses Leslie

Kubala and Darlene Hehnley; and  John Doe and Richard Roe, unknown corrections officers,

prison staff and/or medical staff of the County of Lancaster.

16.     Defendant Vincent Guarini (hereinafter Guarini) was, at all times relevant as

described in this Complaint, the Warden of the Lancaster County Prison and was acting in this

capacity as the agent, servant and employee of Defendant Lancaster County with a business

address of 625 East King Street, Lancaster, Pennsylvania 17602.  As Warden he was the

commanding officer of Defendants, Corrections Officers Steven Napolitan, J. Pirozzi, Paxton,

Victor Kane, and Pedro Torres; nurses Leslie Kubala and Darlene Hehnley; and  John Doe and

Richard Roe, unknown corrections officers, prison staff and/or medical staff of the County of

Lancaster, the names and numbers of whom are unknown, and was responsible for the training,

supervision and conduct of said Defendants as more fully set forth below.  He is responsible by

law for enforcing the regulations of the County of Lancaster Corrections Department and the

Commonwealth of Pennsylvania in particular Title 37 of the Pennsylvania Code and the

American Correctional Association Standards and for ensuring that Lancaster County corrections

officers and staff obey the laws of the Commonwealth of Pennsylvania and United States of

America.  He is being sued individually and in his official capacity as Warden for the Lancaster

County Prison.

17.     Defendant Corrections Officer Steven Napolitan (hereinafter Napolitan) was, at

all times relevant, a duly appointed corrections officer of the County of Lancaster and the

Lancaster County Prison with a business address of 625 East King Street, Lancaster,

Pennsylvania 17602.  At all times relevant, Defendant Napolitan was acting in his capacity as the

agent, servant and employee of the Defendant Lancaster County.  He is being sued individually

and in his official capacity as a Lancaster County Corrections Officer.

18.    Defendant Corrections Officer J. Pirozzi (hereinafter Pirozzi) was, at all times relevant, a duly appointed corrections officer of the County of Lancaster and the Lancaster County Prison with a business address of 625 East King Street, Lancaster, Pennsylvania 17602. At all times relevant, Defendant Pirozzi was acting in his capacity as the agent, servant and employee of the Defendant Lancaster County. He is being sued individually and in his official capacity as a Lancaster County Corrections Officer.

19.    Defendant Corrections Officer Paxton (hereinafter Paxton) was, at all times relevant, a duly appointed corrections officer of the County of Lancaster and the Lancaster County Prison with a business address of 625 East King Street, Lancaster, Pennsylvania 17602. At all times relevant, Defendant Paxton was acting in his capacity as the agent, servant and employee of the Defendant Lancaster County. He is being sued individually and in his official capacity as a Lancaster County Corrections Officer.

20.    Defendant Corrections Officer Victor Kane (hereinafter Kane) was, at all times relevant, a duly appointed corrections officer of the County of Lancaster and the Lancaster County Prison with a business address of 625 East King Street, Lancaster, Pennsylvania 17602. At all times relevant, Defendant Kane was acting in his capacity as the agent, servant and employee of the Defendant Lancaster County. He is being sued individually and in his official capacity as a Lancaster County Corrections Officer.

21.    Defendant Corrections Officer Pedro Torres (hereinafter Torres) was, at all times relevant, a duly appointed corrections officer of the County of Lancaster and the Lancaster County Prison with a business address of 625 East King Street, Lancaster, Pennsylvania 17602. At all times relevant, Defendant Torres was acting in his capacity as the agent, servant and employee of the Defendant Lancaster County. He is being sued individually and in his official

capacity as a Lancaster County Corrections Officer.

22.     Defendant Leslie Kubala, L.P.N. (Hereinafter Kubala), was, at all times relevant, a duly appointed nurse of the County of Lancaster and the Lancaster County Prison with a business address of 625 East King Street, Lancaster, Pennsylvania 17602.  At all times relevant, Defendant Kubala was acting in her capacity as the agent, servant and employee of the Defendant Lancaster County.  She is being sued individually and in her official capacity as a Lancaster County medical staff personnel.

23.     Defendant Darlene Hehnley, L.P.N. (hereinafter Hehnley), was, at all times relevant, a duly appointed nurse of the County of Lancaster and the Lancaster County Prison with a business address of 625 East King Street, Lancaster, Pennsylvania 17602.  At all times relevant, Defendant Hehnley was acting in her capacity as the agent, servant and employee of the Defendant Lancaster County.  She is being sued individually and in her official capacity as a Lancaster County medical staff personnel.

24.     Defendant Corrections Officers and staff members John Doe and Richard Roe the names, gender, and numbers of whom are unknown at this time, were duly appointed corrections officers or prison staff or medical staff members of the County of Lancaster and the Lancaster County Prison with a business address of 625 East King Street, Lancaster, Pennsylvania, 17602. At all times relevant,  John Doe and Richard Roe were acting in their capacity as the agents, servants and employees of the Defendant Lancaster County.  They are being sued individually and in their official capacity as Lancaster County Corrections Officers and/or Lancaster County staff employees.

25.      Defendant Bryan Keyser (hereinafter Keyser) was, at all times relevant, a duly appointed police officer of the Columbia Borough Police Department with a business address of

341 Chestnut street, Columbia, PA 17512. At all times relevant, Defendant Keyser was acting in his capacity as the agent, servant and employee of Columbia Borough. He is being sued individually and in his official capacity as a Columbia Borough Police Officer.

**CAUSE OF ACTION**

**COUNT I**
**PLAINTIFFS**
**V.**
**DEFENDANT KEYSER**

Plaintiffs incorporate by reference the allegations set forth in paragraphs 1 through 25, the same as if set forth at length herein.

26.    On or about January 5, 2007 at or about 2249 hours, Defendant Keyser arrested decedent, Juan Martinez, Jr. on charges of Public Drunkenness and Possession of a small amount of marijuana.

27.    Upon information and belief, Defendant Keyser was informed that in addition to being intoxicated, the decedent had swallowed narcotics such that it presented an imminent danger to his health.

28.    Defendant Keyser was on clear notice that the decedent was suffering from a serious medical condition that required immediate and appropriate medical attention.

29.    Despite being informed of Martinez' intoxication and ingestion of narcotics, Defendant Keyser failed to provide or take necessary and reasonable steps to ensure that Decedent was provided with appropriate medical care or to ensure his safety. Such conduct amounts to gross negligence and deliberate indifference to serious medical needs.

30.    On or about January 6, 2007, as a direct and proximate result of the Defendant's deliberate indifference to the Plaintiffs' Decedent's serious medical needs, the Decedent suffered

seizures ultimately resulting in coma and his death on January 12, 2007.

31.    As a direct and proximate result of the deliberate indifference of Defendant Keyser to the decedent's serious medical needs, Plaintiffs' decedent suffered severe personal injuries, was forced to endure great physical pain and suffering and was forced to endure great mental and emotional pain and suffering and death, thereby violating Plaintiffs' Decedent's rights under the Laws and Constitution of the United States in particular 42 U.S.C. § 1983 and the 4th and 14th Amendments to the United States Constitution and the Decedent's rights under the Constitution and Laws of the Commonwealth of Pennsylvania.

WHEREFORE, Plaintiffs, hereby demand judgment against the Defendants jointly, severally, and in the alternative in an amount in excessive of One Hundred Fifty Thousand Dollars ($150,00.00) for the wrongful death, conscious pain and suffering, expense, loss of society and companionship, attorney's fees, punitive damages, interest, costs, damages for delay and for such other and further relief as the Court finds just and equitable.

## COUNT II
## PLAINTIFFS
## V.
## DEFENDANTS NAPOLITAN, PIROZZI, PAXTON, KANE, TORRES, KUBALA, HEHNLEY,  JOHN DOE AND RICHARD ROE

Plaintiffs incorporates by reference the allegations set forth in paragraphs 1 through 31, the same as if set forth at length herein.

32.    On or about January 6, 2007, Plaintiffs' Decedent, Juan Martinez, Jr., hereinafter "Martinez" was incarcerated at the Lancaster County Prison after having been arrested by officer Brian Keyser of the Columbia Borough Police Department and charged with possession of marijuana and public drunkenness.

33.   Upon information and belief, defendants Napolitan, Pirozzi, Paxton, Kane, Torres, Kubala, Hehnley, Doe, and Roe were informed that Martinez was intoxicated and that he swallowed a quantity of cocaine or other dangerous drugs just prior to his arrest.

34.   Defendants Napolitan, Pirozzi, Paxton, Kane, Torres, Kubala, Hehnley, Doe and Roe were on clear notice that the decedent was suffering from a serious medical condition that required immediate and appropriate medical attention.

35.   71 Pa.C.S. § 1690.106(a) states, in pertinent part:

> **Medical** detoxification and treatment **shall** be provided for persons physically dependent upon **alcohol** or **controlled substances** at correctional institutions and juvenile detention facilities or in available appropriate medical facilities. [Emphasis added.]

36.   Despite being informed of Martinez' intoxication and ingestion of cocaine, the aforementioned defendants failed to provide or take necessary and reasonable steps to ensure that Decedent was provided with appropriate medical care or to ensure his safety.

37.   Defendants deliberately, intentionally, and/or with deliberate indifference to the Decedent's serious medical needs, failed to provide the Decedent with appropriate monitoring and physical checks, and failed to provide or take necessary and reasonable steps to ensure that Decedent was provided with appropriate medical care or to ensure his safety, all in violation of his civil rights.

38.   On or about January 6, 2007, as a direct and proximate result of the Defendants' deliberate indifference to the Plaintiffs' Decedent's serious medical needs, the Decedent suffered seizures ultimately resulting in coma and his death on January 12, 2007.

39.   As a direct and proximate result of the deliberate indifference of Defendants, Plaintiffs' decedent suffered severe personal injuries, was forced to endure great physical pain

and suffering and was forced to endure great mental and emotional pain and suffering and death, thereby violating Plaintiffs' Decedent's rights under the Laws and Constitution of the United States in particular 42 U.S.C. § 1983 and the 4th, 8th and 14th Amendments to the United States Constitution and the Decedent's rights under the Constitution and Laws of the Commonwealth of Pennsylvania.

40.     As a direct and proximate result of the above described unlawful, reckless, arbitrary, intentional and malicious acts of Defendants under color of their authority as corrections officers and prison staff and while acting in that capacity, Decedent Juan Martinez, Jr. suffered serious bodily harm and death, all of which is in violation of his rights under the Laws and Constitution of the United States in particular the 4th, 8th and 14th Amendments thereof and 42 U.S.C. § 1983.

41.     Decedent Juan Martinez, Jr. was the victim of summary punishment at the hands of Defendant Corrections Officers and prison staff.  The punishment administered was grossly disproportionate to whatever Decedent's acts may have been which constitutes cruel and unusual punishment.  Further, Plaintiffs' Decedent was deprived of his right to due process of law under the Laws and Constitution of the United States in particular the 4th, 8th and 14th Amendments thereof.  In causing harm to the Plaintiffs' Decedent, Defendants' actions were unwarranted, cruel, arbitrary, reckless, inhuman, unjustifiable and excessive.

42.     As a further result of the above described acts and omissions, Decedent Juan Martinez, Jr. was deprived of the rights and immunities secured to him under the Constitution and Laws of the United States and the Commonwealth of Pennsylvania to be secure in his person and to be free from punishment without due process.

WHEREFORE, Plaintiffs, hereby demand judgment against the Defendants jointly,

severally, and in the alternative in an amount in excessive of One Hundred Fifty Thousand Dollars ($150,00.00) for the wrongful death, conscious pain and suffering, expense, loss of society and companionship, attorney's fees, punitive damages, interest, costs, damages for delay and for such other and further relief as the Court finds just and equitable.

**COUNT III**
**PLAINTIFFS**
**V.**
**MUNICIPAL DEFENDANTS WARDEN VINCENT GUARINI**
**AND LANCASTER COUNTY**

Plaintiffs incorporate by reference the allegations set forth in paragraphs 1 through 42, the same as if set forth at length herein.

43.    71 Pa.C.S. § 1690.106(a) states, in pertinent part:

**Medical** detoxification and treatment **shall** be provided for persons physically dependent upon **alcohol** or controlled substances at correctional institutions and juvenile detention facilities or in available appropriate medical facilities. [Emphasis added.]

44.    Prior to January 6, 2007, municipal Defendants Warden Vincent Guarini and Lancaster County permitted, encouraged, tolerated and ratified a pattern and practice of unjustified, unreasonable deliberate indifference to the serious medical needs of inmates in that:

(a)    Municipal Defendants failed to provide detoxification and treatment to inmates known to be dependent on alcohol or controlled substances or to or take necessary and reasonable steps to ensure that said inmates were provided with appropriate medical care or to ensure the safety of said inmates.

(b)    Municipal Defendants failed to discipline or prosecute in any manner, known incidents of abuse of corrections officers' powers and deliberate indifference to serious medical

needs of inmates by corrections officers and staff;

(c)     Municipal Defendants refused to investigate complaints of previous incidents of abuse of corrections officers' powers and deliberate indifference to serious medical needs of inmates and instead officially claimed that such incidents were justified and proper; and

(d)     By means of both inaction and coverup of such abuse of corrections officers' powers and deliberate indifference to serious medical needs by corrections officers and prison staff, Municipal Defendants led Defendant Corrections Officers and staff to believe that deliberate indifference to the serious medical needs of inmates was permissible.

45.     Municipal Defendants have maintained either no system or an inadequate system of review of the medical care of inmates which system has failed to identify instances of deliberate indifference to serious medical needs or failed to discipline or closely supervise or retrain prison staff who are deliberately indifferent to inmates' serious medical needs.

46.     Upon information and belief, Municipal Defendants also maintain a system of grossly inadequate training pertaining to the treatment of inmates suffering with physical and mental illness and or intoxication pertaining to the law concerning deliberate indifference to the serious medical needs of inmates.

47.     Upon information and belief, Municipal Defendants provided an inadequate number of guards, doctors, nurses and counselors in relation to the number of prisoners housed in Lancaster County Prison and inadequate medical support services for said prisoners thereby causing the inmates' medical needs to be neglected resulting in the violation of the rights of inmates including Plaintiffs' Decedent.

48.     Municipal Defendants failed to promulgate and enforce a policy relating to the treatment of serious medical needs of inmates which is in violation of the laws of the

Commonwealth of Pennsylvania and the United States Constitution thereby causing and encouraging prison staff, including Defendant Corrections Officers and staff, to violate the rights of citizens such as the Decedent.

49.    Municipal Defendants failed to adequately sanction or discipline officers who are aware of and subsequently conceal and/or aid in the violations of Constitutional rights of citizens, including the 4th, 8th and 14th Amendment Rights violations by other Lancaster County Prison staff thereby causing and encouraging prison staff, including Defendant Corrections Officers and staff, to violate the rights of citizens such as the Decedent.

50.    Municipal Defendants have intentionally and/or with conscious indifference to the danger of harm to citizens like Decedent, established a system which fails to identify, track or report instances of improper denial of medical care and which is used by Municipal Defendants to conceal the extent to which corrections officers and staff engage in improper denial of medical care.

51.    The foregoing acts, omissions and systemic deficiencies of policies, practices and customs of Municipal Defendants have caused corrections officers and staff members of Municipal Defendants including the named Defendants and unknown staff in this case to be unaware of or to disregard the rules and laws governing medical treatment for inmates,  to believe that the denial of medical care without just cause is a proper practice for prison staff and entirely within the discretion of the officers and staff involved, and that the denial of medical care resulting in injury and death would not be honestly and properly investigated, all with the foreseeable result that officers and staff including the Defendants in the within action are more likely to improperly deny medical care where such action is neither necessary, reasonable, nor legal.

52.    Defendants Warden Guarini and Lancaster County as a matter of policy and practice have with deliberate indifference failed to adequately train, discipline, sanction or otherwise direct corrections officers and prison staff concerning the rights of citizens and inmates particularly with regard to the 4th, 8th and 14th Amendments Rights of the U.S. Constitution thereby causing the Defendants in the within matter to engage in the unlawful conduct described above.

53.    Defendants Guarini and Lancaster County are directly liable for their own acts and omissions specifically with regard to the failure to train and the promulgation of violations of Decedent's 4th, 8th and 14th Amendment Rights through the maintenance of a policy, custom, practice and/or procedure that ratifies, condones and/or tolerates such violations.

54.    As a direct and proximate result of the aforesaid acts, omissions, systemic deficiencies, policies and customs, Municipal Defendants violated Decedent's 4th, 8th and 14th Amendment Rights and the laws of the Commonwealth of Pennsylvania and improperly denied medical treatment and were deliberately indifferent to the serious medical needs of Plaintiffs' Decedent, thereby causing severe personal injury and death, more specifically set forth in paragraphs 39, 40, and 41 of this Complaint.

WHEREFORE, Plaintiffs, hereby demand judgment against the Defendants jointly, severally, and in the alternative in an amount in excessive of One Hundred Fifty Thousand Dollars ($150,00.00) for the wrongful death, conscious pain and suffering, expense, loss of society and companionship, attorney's fees, interest, costs, damages for delay and for such other and further relief as the Court finds just and equitable.

**COUNT IV**
**PLAINTIFFS**
**V.**
**DEFENDANTS LANCASTER COUNTY,  GUARINI, NAPOLITAN, PIROZZI,
PAXTON, KANE, TORRES, KUBALA, HEHNLEY,  JOHN DOE AND RICHARD ROE**

Plaintiffs incorporate by reference the allegations set forth in paragraphs 1 through 54, the same as if set forth at length herein.

55.    71 Pa.C.S. § 1690.106(a) states, in pertinent part:

**Medical** detoxification and treatment **shall** be provided for persons physically dependent upon **alcohol** or controlled substances at correctional institutions and juvenile detention facilities or in available appropriate medical facilities. [Emphasis added.]

56.    The Defendants failed to provide medical detoxification for the decedent at a time when he was physically dependent on alcohol and controlled substances in violation of 71 Pa.C.S. § 1690.106

57.    The acts of Defendants alleged in the preceding paragraphs deprived the Decedent of his rights, privileges and immunities under the Laws and Constitution of the Commonwealth of Pennsylvania in particular the right to be secure in his person and property, to be free from excessive punishment, and the right to due process secured to him by Article I, Sections 1, 8, 9, 13 and 26 of the Pennsylvania Constitution and all to his great detriment and loss.

WHEREFORE, Plaintiffs, hereby demand judgment against the Defendants jointly, severally, and in the alternative in an amount in excessive of One Hundred Fifty Thousand Dollars ($150,00.00) for the wrongful death, conscious pain and suffering, expense, loss of society and companionship, attorney's fees, punitive damages against individual defendants,

interest, costs, damages for delay and for such other and further relief as the Court finds just and equitable.

**COUNT V**
**PLAINTIFFS**
**V.**
**ALL DEFENDANTS (WRONGFUL DEATH)**

Plaintiffs incorporate by reference the allegations set forth in paragraphs 1 through 57, the same as if set forth at length herein.

58.    On the occasion in question, Juan Martinez, Jr., Decedent, was 23 years of age, in good physical health and had a reasonable life expectancy of approximately 55 more years.

59.    He was a faithful son and father and contributed to the support of his children, and also gave counsel, advice and help and in all reasonable probability he would have continued to contribute to support, counsel, and advise his children for the remainder of their lives.

60.    As a direct and proximate result of the acts and omissions of Defendants and the resultant death of Juan Martinez, Jr., Decedent's surviving children, have been deprived of the financial and emotional support, comfort, society, counsel, services and care of the Decedent, all to their great detriment and loss.

61.    As a further direct and proximate result of the acts and omissions of Defendants and the resultant death of Juan Martinez, Jr., it was reasonable and necessary to provide for the funeral service and the burial of the Decedent for which the Estate of Juan Martinez, Jr. has spent or will spend the sum of approximately Five Thousand Dollars ($5,000.00) which sum is fair, customary, reasonable and necessary.

WHEREFORE, Plaintiffs, hereby demand judgment against the Defendants jointly,

severally, and in the alternative in an amount in excessive of One Hundred Fifty Thousand Dollars ($150,00.00) for the wrongful death, conscious pain and suffering, expense, loss of society and companionship, attorney's fees, punitive damages against individual defendants, interest, costs, damages for delay and for such other and further relief as the Court finds just and equitable.

**COUNT VI**
**PLAINTIFFS**
**v.**
**ALL DEFENDANTS**

Plaintiffs incorporates by reference the allegations set forth in paragraphs 1 through 61 the same as if set forth at length herein.

62.    The acts of defendants alleged in the preceding paragraphs consist of violations of the decedent's Constitutional rights under the 4th, 8th and 14th Amendments to the U.S. Constitution and 42 U.S.C. §1983.

63.    Plaintiffs are entitled to attorney's fees for the work performed by his attorneys in this action pursuant to 42 U.S.C. §1988.

WHEREFORE, Plaintiffs, hereby demand judgment against the Defendants jointly, severally, and in the alternative in an amount in excessive of One Hundred Fifty Thousand Dollars ($150,00.00) for the wrongful death, conscious pain and suffering, expense, loss of society and companionship, attorney's fees, punitive damages against individual defendants, interest, costs, damages for delay and for such other and further relief as the Court finds just and equitable.

## COUNT VII

**PLAINTIFFS**
**v.**
**DEFENDANTS KEYSER, GUARINI, NAPOLITAN, PIROZZI, PAXTON, KANE,**
**TORRES, KUBALA, HEHNLEY,  JOHN DOE AND RICHARD ROE**

Plaintiffs incorporate by reference the allegations set forth in paragraphs 1 through 63 the same as if set forth at length herein.

64.    The herein described conduct of defendants was malicious, wanton, willful, reckless and intentionally designed to inflict grievous bodily injury and mental distress upon Martinez' person.

65.    As a result of the malicious, wanton, willful, reckless and intentional conduct of defendants, Plaintiffs demands punitive damages.

WHEREFORE, Plaintiffs, hereby demand judgment against the Defendants jointly, severally, and in the alternative in an amount in excessive of One Hundred Fifty Thousand Dollars ($150,00.00) for the wrongful death, conscious pain and suffering, expense, loss of society and companionship, attorney's fees, punitive damages against individual defendants, interest, costs, damages for delay and for such other and further relief as the Court finds just and equitable.

## JURY TRIAL DEMAND

Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 65

the same as if set forth at length herein.

66.     Plaintiffs demand a trial by jury.

Respectfully submitted,

CRYSTLE, ALLEN & BRAUGHT, LLC

By:     KCA/5567
        Kevin C. Allen, Esquire
        Attorney for Plaintiffs, Juan Martinez
        and Elizabeth Martinez
        Attorney I.D. No. 55232
        143 North Duke Street
        Lancaster, PA 17602
        Telephone: (717) 393-0600
        Facsimile: (717) 396-1028