### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JUAN & ELIZABETH MARTINEZ,** | : | **CIVIL ACTION** |
| **ADMINISTRATORS FOR THE** | : | |
| **ESTATE OF JUAN MARTINEZ, JR.** | : | |
| **Plaintiffs** | : | |
| | : | |
| | : | **NO. 09-00026** |
| | : | |
| **LESLIE KUBALA,** | : | |
| **Defendant** | : | |

## M E M O R A N D U M

**STENGEL, J.**                                                    **August  24, 2011**

This is a civil rights action filed by the parents of the deceased Juan Martinez, Jr.,
as Administrators of his estate.  The plaintiffs allege violations of their son's
constitutional rights while he was in the custody of Lancaster County law enforcement
officials and the Lancaster County Prison.  The complaint includes counts of negligence
and wrongful death against Nurse Leslie Kubala.  Defendant Kubala has filed a motion to
dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to
comply with  Rule 1042.3 of Pennsylvania's Rules of Civil Procedure.  For the following
reasons, I will deny the motion in its entirety.

## I.  BACKGROUND

Twenty-three-year-old Juan Martinez, Jr., lived in Columbia, Pennsylvania.
Around 10:00 p.m. on January 5, 2007, Mr. Martinez was arrested by Defendant Keyser
of the Columbia Police Department on charges of public drunkenness and possession of
marijuana.  Officer Keyser was told that Mr. Martinez had just swallowed narcotics such

that it presented an imminent danger to his health.  The complaint alleges that although

Officer Keyser had this information and knew that Mr. Martinez was drunk, he failed to

provide reasonable steps to ensure that Mr. Martinez was given appropriate medical care.

Instead, he was taken to the Lancaster County Prison where officials were allegedly told

that Mr. Martinez had swallowed these drugs.  These officials, including Defendant

Kubala, were allegedly indifferent and failed to take appropriate steps to give Mr.

Martinez necessary medical care.  On January 6, 2007, Mr. Martinez slipped into a coma

and died on January 12, 2007.

## II.  STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure

for failure to state a claim upon which relief can be granted examines the legal

sufficiency of the complaint.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  The factual

allegations must be sufficient to make the claim for relief more than just speculative.

Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  In determining whether to

grant a motion to dismiss, a federal court must construe the complaint liberally, accept all

factual allegations in the complaint as true, and draw all reasonable inferences in favor of

the plaintiff.  Id.; see also D.P. Enters. v. Bucks County Cmty. Coll., 725 F.2d 943, 944

(3d Cir. 1984).

The Federal Rules of Civil Procedure do not require a plaintiff to plead in detail all

of the facts upon which she bases her claim.  Conley, 355 U.S. at 47.  Rather, the Rules

require a "short and plain statement" of the claim that will give the defendant fair notice

of the plaintiff's claim and the grounds upon which it rests.  Id.  The "complaint must

2

allege facts suggestive of [the proscribed] conduct."  Twombly, 550 U.S. at 564.  Neither

"bald assertions" nor "vague and conclusory allegations" are accepted as true.  See Morse

v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997); Sterling v. Southeastern

Pennsylvania Transp. Auth., 897 F. Supp. 893 (E.D. Pa. 1995).  The claim must contain

enough factual matters to suggest the required elements of the claim or to "raise a

reasonable expectation that discovery will reveal evidence of" those elements.  Phillips v.

County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Twombly, 550 U.S. at

556).

## III. DISCUSSION

Pennsylvania Rule of Civil Procedure 1042.3 requires a certificate of merit to be

filed in any action based upon an allegation that a licensed professional deviated from an

acceptable professional standard.  PA. R. CIV. P. 1042.3(a).  This requirement was

adopted by the Pennsylvania Supreme Court in January 2003 in response to that court's

concern regarding the number of malpractice cases being filed in Pennsylvania courts.

See Womer v. Hilliker, 908 A.2d 269, 275 (Pa. 2006).

The certificate of merit must be signed by the plaintiff's attorney and filed within

sixty days after the filing of the complaint.  The certificate of merit must state that either:

"(1) an appropriate licensed professional has supplied a written statement that there exists

a reasonable probability that the care, skill or knowledge exercised or exhibited in the

treatment, practice or work that is the subject of the complaint, fell outside acceptable

professional standards and that such conduct was a cause in bringing about the harm, or

(2) the claim that the defendant deviated from an acceptable professional standard is

3

based solely on allegations that other licensed professionals for whom this defendant is responsible deviated from an acceptable professional standard, or (3) expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim." PA. R. CIV. P. 1042.3(a)(1)-(3). In Pennsylvania, if a plaintiff has failed to submit a certificate within the sixty-day time frame, the defendant can direct the prothonotary to enter a judgment of *non pros*. See PA. R. CIV. P. 1042.6. The plaintiff may then seek relief from the judgment of *non pros*, requesting that it either be struck or opened. See PA. R. CIV. P. 3051.

In federal district courts, the certificate of merit rule "is substantive state law that must be applied." Booker v. United States, 366 Fed. Appx. 425, 426 (3d Cir. 2010); see also Stroud v. Abington Hospital, et al., 546 F. Supp. 2d 238, 248 (E.D. Pa. 2008) (noting that federal courts in Pennsylvania have uniformly held that the certificate of merit requirement is a substantive rule of law that applies in professional liability actions proceeding in federal court).

Thus, failure to submit a certificate of merit is a "possible ground for dismissal by the district court when properly presented to the court in a motion to dismiss" under Rule 12(b)(6). McElwee Group, LLC v. Mun. Auth. of Elverson, 476 F. Supp. 2d 472, 475 (E.D. Pa. 2007). Mirroring the entry of judgment *non pros* in Pennsylvania courts, federal courts will dismiss without prejudice actions where a certificate of merit has not been filed. See Booker, 366 Fed. Appx. at 426; see also Stroud, 546 F. Supp. 2d at 249 (a "judgment of *non pros*, if entered, effectively constitutes a dismissal of the cause without prejudice").

Although full compliance with Rule 1042.3 is expected, the Pennsylvania Supreme Court has held that the rule is subject to certain equitable considerations to aid the substantially compliant litigant who has a "reasonable explanation or legitimate excuse" for noncompliance.  Womer v. Hilliker, 908 A.2d at 280.  While equitable exceptions may apply to a plaintiff who commits a misstep in attempting to comply with the rule, such exceptions are not available to a plaintiff who fails entirely to even attempt to file a certificate of merit.  Id. at 276-278.  Since Womer, state and federal courts have applied equitable considerations "in situations where the plaintiff has attempted but failed to meet the technical requirements of Rule 1042.3."  Booker, 366 Fed. Appx. at 428.

Here, the complaint was filed on January 5, 2009.  On March 30, 2011, Defendant Kubala filed a "notice of intention to enter judgment of *non pros* on professional liability claim" if the plaintiff did not file a certificate of merit within thirty days of the date of the notice's filing.  See Document #40.  On April 29, 2011, the plaintiff filed the certificate of merit.  See Document #43.

The defendant seeks dismissal of the claims against her, arguing that the plaintiffs' certificate of merit was not "filed within the prescribed time," and that the plaintiffs failed to request an extension of time to file.  The defendant has waived this argument, however, given her notice of intent to enter judgment if the certificate of merit was not filed within thirty days, and the subsequent compliance of the plaintiffs.

The defendant next asserts that the statement from the plaintiffs' expert is insufficient because it does not state the phrase: "and such conduct was a cause in bringing about the harm," as required by Rule 1042.3(a).  The plaintiffs concede that,

5

although such wording could be inferred, it had been inadvertently omitted in the certificate of merit.  Accordingly, with their response to this motion, the plaintiffs filed a second certificate of merit which includes the required statement of causation.

Under these circumstances, I find that the plaintiffs have substantively met the requirements governing the certificate of merit set forth in the Pennsylvania Rules of Civil Procedure and applicable case law.  Furthermore, Defendant Kubala has not been prejudiced in any way by the delay in filing or the deficiency of the original certificate. Accordingly, I will deny the motion to dismiss in its entirety.

An appropriate Order follows.